# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| Plaintiff, § | CIVIL ACTION NO. 2:16-CR-00003-JRG |
| § | |
| v. § | |
| § | |
| LINDSEY DASHAY JONES (2) § | |
| § | |
| Defendant. § | |

## REPORT AND RECOMMENDATION OF
## UNITED STATES MAGISTRATE JUDGE

On August 21, 2025, the court conducted a hearing to consider the government's petition to revoke the supervised release of Defendant Lindsey Dashay Jones. The government was represented by Dustin Farahnak, Assistant United States Attorney for the Eastern District of Texas, and Defendant was represented by Jon Hyatt, federal public defender.

Defendant originally pled guilty to the offense of Violent Crime/Drugs/Machine Gun (Use, Carrying and Possession of Firearms and Ammunition During and In Furtherance of a Drug Trafficking Crime), a Class A felony. This offense carried a statutory maximum imprisonment term of life. The guideline imprisonment range, based on a total offense level of N/A and a criminal history category of III, was 5 years. On November 28, 2016, U.S. District Judge Rodney Gilstrap of the Eastern District of Texas sentenced Defendant to 60 months imprisonment, followed by a 5-year term of supervised release subject to the standard conditions of release, plus special conditions to include no possession of a firearm, ammunition, destructive device, or other dangerous weapon; financial disclosure, and drug aftercare. On December 23, 2024, Defendant completed her period of imprisonment and began service of the supervision term.

1

Under the terms of supervised release, Defendant was required to reside in a residential reentry center in a prerelease component for up to 180 days. In its petition, the government alleges that Defendant violated her conditions of supervised release May 29, 2025, when Defendant was unsuccessfully discharged from a residential reentry center.

If the court finds by a preponderance of the evidence that Defendant violated the conditions of supervised release by prematurely being discharged from the residential reentry center, Defendant will have committed a Grade C violation. U.S.S.G. § 7B1.1(a). Upon a finding of a Grade C violation, the court may revoke the term of supervision. U.S.S.G. § 7B1.3(a)(2). Considering Defendant's criminal history category of III, the Guideline imprisonment range for a Grade C violation is 5 to 11 months. U.S.S.G. § 7B1.4(a).

At the hearing, the parties indicated that they had come to an agreement to resolve the petition whereby Defendant would plead true to the Grade C violation of the conditions of supervision referenced above. In exchange, the government recommended to the court a sentence of 5 months imprisonment with no supervised release to follow, to run consecutive with any sentence imposed in Case Number 6:23-cr-21, pending in the Eastern District of Texas, Tyler Division.

The court therefore **RECOMMENDS** that Defendant's plea of true be accepted and that she be sentenced to 5 months imprisonment with no supervised release to follow, to run consecutive with any sentence imposed in Case Number 6:23-cr-21, pending in the Eastern District of Texas, Tyler Division. The court further **RECOMMENDS** that Defendant serve her sentence at FMC Carswell, Texas. The parties waived their right to objections so this matter shall be immediately presented to the District Judge for consideration.

**So ORDERED and SIGNED this 25th day of August, 2025.**

*[Signature]*
JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE